IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KATRINA CLARK,

      Plaintiff,

  v.                                      Civil Action 2:19-cv-3686
                                            Judge Sarah D. Morrison
                                            Magistrate Judge Jolson

DHL SUPPLY CHAIN,

      Defendant.

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Leave to File Amended Answer. (Doc. 15). For the reasons that follow, Defendant's Motion is **GRANTED**, and the Clerk shall file Doc. 15-1 as the Amended Answer in this case.

    **I.**      **BACKGROUND**

Plaintiff Katrina Clark filed this Complaint against Defendant DHL Supply Chain on August 23, 2019, alleging, generally, that Defendant violated Title VII and Ohio employment law "by sexually harassing [her] and by creating and encouraging a hostile work environment for [her] and terminating [her] after she engaged in protected activity by reporting sexual harassment." (Doc. 1, ¶ 31). Defendant maintains that it took reasonable steps to prevent and promptly correct sexual harassment in the workplace with respect to Plaintiff. (*See generally* Doc. 5).

The parties have been engaging in discovery, which is set to close in November 2020. (*See* Doc. 13). "In the course of discovery, [Defendant] recently learned that Plaintiff surreptitiously recorded conversations with [its] employees in violation of express company policy" and "[h]ad [it] known about the recordings at the time of Plaintiff's termination, [it] would have terminated Plaintiff for that conduct alone." (Doc. 15 at 2). Accordingly, Defendant "seeks leave to amend

its Answer to assert the after-acquired evidence defense as an additional affirmative defense." (*Id.*). The defense could serve to bar Plaintiff from obtaining certain remedies should she prevail in this case. *See Stanich v. Hissong Grp., Inc.*, No. 2:09-CV-143, 2011 WL 1560650, at *3 (S.D. Ohio Apr. 25, 2011) (citing *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1168 (6th Cir. 1996)). In support of amendment, Defendant asserts that it has exercised diligence despite moving over two months after the amendment deadline, amendment will not unduly prejudice Plaintiff, and amendment would not be futile. (*See generally* Doc. 15). Plaintiff responds that Defendant waived its right to plead an additional affirmative defense by not raising it in its original responsive pleading or, alternatively, that allowing amendment would be futile. (*See generally* Doc. 16). Defendant's Motion is fully briefed and ripe for consideration. (*See* Docs. 15, 16, 17).

**II.     STANDARD**

Rule 15(a) of the Federal Rules of Civil Procedure provides that when a party is required to seek leave of Court to file an amended pleading, "leave shall be freely given when justice so requires." But where the Court's amendment deadline has passed, as it has here, (*see* Doc. 10), the movant "first must show good cause under Rule 16(b) for failure earlier to seek leave to amend." *Commerce Benefits Grp., Inc. v. McKesson Corp.*, 326 F. App'x 369, 376 (6th Cir. 2009) (quotation marks and citations omitted). Importantly, "the Court is permitted to examine the standard factors governing amendments . . . under Rule 15(a) only if" Rule 16(b) is first satisfied. *Stanich*, 2011 WL 1560650, at *2. In assessing good cause, "the primary focus. . . is upon the moving party's diligence," but "the presence or absence of prejudice to the other party or parties is [also] a factor to be considered." *Id*. (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)).

### III. DISCUSSION

Defendant seeks to amend its Answer to assert an after-acquired evidence defense, which could bar Plaintiff's entitlement to certain remedies if she prevails in this case. "An employee's remedies are limited where an employer can show it could have terminated the employee for wrongdoing if it had known of such wrongdoing at the time." *Stanich*, 2011 WL 1560650, at *3 (citing *Thurman*, 90 F.3d at 1168). But Plaintiff asserts that it is too late for Defendant. Specifically, she contends that by not raising the defense in its original responsive pleading, Defendant has waived it. (*See* Doc. 16 at 2–3). The Court will address, as a threshold matter, Plaintiff's waiver argument, before considering whether Defendant has satisfied the federal rules governing amendment.

### A. Waiver

In support of waiver, Plaintiff relies on the Sixth Circuit's decision in *Haskell v. Washington Township*, in which the defendants waived their statute of limitations defense by not raising it for three years. 864 F.2d 1266, 1273 (6th Cir. 1988). Plaintiff emphasizes that "it [was] of no importance [to the Court] that a party and/or his counsel were unaware of a possible statute of limitations defense." *Id*. But Plaintiff overlooks a critical distinction between *Haskell* and this case: Unlike the statute of limitations defense at issue in *Haskell*, "[t]he very nature of the [after-acquired evidence] defense results in it, at times, being raised well into the litigation and would thus be impractical to require a defendant to plead the defense in accordance with Rule 8[.]" *Spinner v. B&P Process Equip.*, No. 10-13161-BC, 2012 WL 195374, at *3 (E.D. Mich. Jan. 24, 2012) (collecting cases).

That is what happened here. Defendant learned of Plaintiff's audio recordings through discovery. (*See generally* Doc. 15, Doc. 15-2). So it could not have raised this defense in its initial

3

answer, and it did not waive it as a result. *See Spinner*, 2012 WL 195374, at *3 ("The after-acquired evidence defense, however, need not be pleaded at the time an answer is filed as an affirmative defense.").

### B. Rule 16(b)

Turning to good cause, "the focus . . . is not how quickly counsel moved to amend once he became aware of this information[,]" but "[r]ather, [Defendant] must demonstrate that [it] could not reasonably have amended [its] answer prior to the deadline, despite [its] due diligence." *Stanich*, 2011 WL 1560650, at *4. Could Defendant reasonably have amended its Answer before the April 10, 2020, deadline? Based on the discovery timeline, the Court finds it could not. Defendant received Plaintiff's initial disclosures on March 31, 2020. (Doc. 15-2, ¶ 4). Two days later, Defendant served Plaintiff with interrogatories and document requests. (*Id*.). Plaintiff responded on May 19, 2020. (*Id*., ¶ 5). As part of her responsive document production, Plaintiff produced two audio recordings of her conversations with Defendant's employees. (*Id*., ¶ 6). "It was not until receipt of Plaintiff's production that [Defendant] learned that Plaintiff had surreptitiously recorded meetings with [its] employees prior to her termination." (Doc. 15 at 3; *see also* Doc. 15-2, ¶ 6). Defendant sought leave to amend its Answer a month later. (Doc. 15).

This Court's good cause inquiry in *Stanich* is useful here. 2011 WL 1560650, at *3–4. There, the defendants sought leave to amend their answer after the Court's deadline to include an after-acquired evidence defense that plaintiff engaged in unprofessional behavior, including employee theft. *Id*. at *2. But, unlike Defendant here, the defendants failed to exercised diligence. *Id*. at *4. Indeed, they were aware of the plaintiff's conduct shortly after terminating her, and plaintiff's behavior was well-known to customers, vendors, and office staff. *Id*. at *4. Thus, the defendants could easily have moved to amend their answer well before the Court's deadline. *Id*.

4

Relevant here, it was not a case where "such evidence had been obtained through discovery," or was "within the exclusive control of the plaintiff or unrelated third-parties." *Id*.

But that is the case here. Defendant did not learn that Plaintiff recorded conversations at work until Plaintiff produced them after the amendment deadline. As such, Defendant could not have moved to amend before the Court's deadline. Rather, it moved quickly once it learned of the possible defense. Defendant's diligence supports a finding of good cause under Rule 16(b). *See id*. (collecting cases finding good cause where party learned of evidence to support amendment through discovery); *cf. Graley v. Dolgen Midwest LLC*, No. 2:13-CV-83, 2014 WL 971970, at *6 (S.D. Ohio Mar. 12, 2014) (denying defendant's motion for leave to amend answer to add after-acquired evidence defense where defendant was aware that plaintiff had recorded conversations at work before amendment deadline and did not seek to extend that deadline to amend its answer).

### C. Rule 15(a)

Turning to Rule 15(a), the Court finds that Defendant has satisfied this standard as well. Specifically, the Court finds, and Plaintiff does not argue otherwise, there is no evidence of undue delay, dilatory motive, or undue prejudice. There are also no repeated failures to cure deficiencies by amendments previously allowed. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

As for futility, Plaintiff asserts that the audio recordings constitute protected conduct and cannot be used against her. (*See* Doc. 16 at 2–3) (collecting cases). For its part, Defendant relies upon its own body of case law reaching the opposite conclusion. (*See* Doc. 17 at 4–6) (collecting cases). "At this stage of the litigation, this Court is charged with determining whether the futility of an amendment is so obvious that it should be disallowed." *Bear v. Delaware Cnty.*, Ohio, No. 2:14-cv-43, 2015 WL 194451, at *3 (S.D. Ohio Apr. 28, 2015). And Defendant's proposed affirmative defense meets this low bar. In other words, it is not obviously futile. *See Jones v. St.*

5

*Jude Med. S.C., Inc.*, 504 F. App'x 473, 481 (6th Cir. 2012) (holding that employee did not engage in protected conduct by recording conversations at former workplace in violation of company policy).

Moreover, Plaintiff's futility argument would require the Court to address directly the merits of Plaintiff's claims. "[T]he Court believes that it's the better exercise of discretion to permit the amendment," after which Plaintiff may "raise [her] merits arguments" through a dispositive motion. *Id*. Then, "the matter will be [] subject to proper consideration by the District Judge." *Id*.; *see also Queen v. Park Nat. Bank*, No. CIV.A. 2:09-CV-00033, 2010 WL 1404307, at *2 (S.D. Ohio Apr. 5, 2010) (granting defendant's motion for leave to amend answer to include after-acquired evidence defense and counterclaim and noting that, "[a]lthough Plaintiff does question the futility of the counterclaim, that matter turns on the substantive merits of whether Defendant has stated a claim under [Ohio law]" and "the better course of action would be to permit the amendment, and allow Plaintiff to challenge the sufficiency of the claim under Rule 12(b)(6)") (citing *Stanley v. Malone*, No. 2:07-cv-0694, 2008 WL 2557254, at *3 (S.D. Ohio 2008) ("At least where the claim is arguably sufficient, it is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss.")); *Lees v. Thermo Electron Corp.*, No. 2:06-CV-984, 2008 WL 11351339, at *3 (S.D. Ohio Apr. 14, 2008) (granting defendant leave to amend answer to contend that plaintiff improperly "tape-recorded conversations with Defendant['s] [] employees without their knowledge or consent" and holding, "[b]ased on the facts alleged by Defendants, the Court is unable to conclude that . . . [the] affirmative defense . . . is so clearly futile as to warrant denial of leave to amend").

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Leave to File Amended Answer (Doc. 15) is **GRANTED,** and the Clerk shall file Doc. 15-1 as the Amended Answer in this case.

IT IS SO ORDERED.


Date:  August 12, 2020                    /s/ Kimberly A. Jolson
                                          KIMBERLY A. JOLSON
                                          UNITED STATES MAGISTRATE JUDGE